IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEORGE GAONA,

      Petitioner,

   v.

ERNIE MOORE, WARDEN,
LEBANON CORRECTIONAL
INSTITUTION,

      Respondent.

CASE NO. 2:13-CV-1178
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KING

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Doc. No. 1, Respondent's *Return of Writ,* Doc. No. 6, Petitioner's *Traverse,* Doc. No. 7, Respondent's *Reply to the Traverse,* Doc. No. 8, Petitioner's *Surreply*, Doc. No. 9, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge concludes that Petitioner has procedurally defaulted all of the claims that he presents for review in this action. It is therefore **RECOMMENDED** that this action be **DISMISSED**.

**Facts and Procedural History**

This case involves Petitioner's conviction after a jury trial in the Licking County Court of Common Pleas on charges of aggravated murder, with a firearm specification; tampering with evidence; gross abuse of a corpse; and conspiracy to commit arson, all arising out of the murder of Robert Ebright. On May 10, 2011, Petitioner was sentenced to an aggregate term of imprisonment ranging from forty years to life and to a term of post-release control. *Exhibit 20* to *Return of Writ*. Petitioner timely appealed from that judgment. That appeal "was dismissed on

December 16, 2011, for want of an appellant's brief, despite several time enlargements. On January 27, 2012, th[e state court of appeals] reopened the appeal, and new appellate counsel was appointed." *State v. Gaona*, No. 11-CA-61, 2012 WL 3255042, at *5 (Ohio App. 5th Dist. Aug. 9, 2012). Petitioner raised six assignments of error, as follows:

> "I. APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHT TO THE PRESUMPTION OF INNOCENCE WAS VIOLATED WHEN A GOVERNMENT INFORMANT INFERRED THAT HE SPOKE TO APPELLANT WHEN THEY WERE IN JAIL.
>
> "II. APPELLANT'S RIGHT TO REMAIN SILENT UNDER THE STATE AND FEDERAL CONSTITUTIONS WAS VIOLATED WHEN THE PROSECUTOR COMMENTED DURING CLOSING ARGUMENT THAT AN INNOCENT PERSON WOULD HAVE DENIED THE ALLEGATIONS AND ADVISED HIS CO–DEFENDANT TO SPEAK TO THE POLICE.
>
> "III. APPELLANT WAS DEPRIVED OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT DURING CLOSING ARGUMENT TO THE PROSECUTOR'S COMMENTS ON HIS SILENCE.
>
> "IV. THE TRIAL COURT DEPRIVED APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS BY PROVIDING THE JURY WITH A STANDARD EXPERT WITNESS INSTRUCTION OVER APPELLANT'S OBJECTIONS.
>
> "V. THE CUMULATIVE EFFECT OF THE ERRORS IN THE TRIAL DEPRIVED APPELLANT OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR TRIAL.
>
> "VI. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, AND R.C. 2967.28, BY IMPOSING THREE YEARS OF POST–RELEASE CONTROL AT SENTENCING FOR THIRD (NON–SEX OFFENSE), FOURTH, AND FIFTH DEGREE FELONIES.

*Id*.  On August 9, 2012, the state appellate court vacated the judgment of the trial court only as it related to the imposition of post release control and remanded the case to the trial court for modification of the sentence; otherwise, the judgment of the trial court was affirmed.  *Id.* at *11.  On October 31, 2012, the trial court amended Petitioner's sentence pursuant to the mandate of the state appellate court.  *Exhibit 29* to *Return of Writ.*

Petitioner did not timely appeal the appellate court's judgment to the Ohio Supreme Court.  On August 29, 2013, *i.e.,* more than one year later, he filed a motion for delayed appeal in the Ohio Supreme Court.  *Exhibit 31* to *Return of Writ*.  On October 23, 2013, the Ohio Supreme Court denied that motion.  *State v. Gaona*, 137 Ohio St.3d 1457 (Ohio 2013).

On November 25, 2013, Petitioner filed this action, presenting for this Court's review all of the claims raised by his counsel in the Ohio court of appeals.  Respondent contends that Petitioner has waived this Court's review of those claims.  This Court agrees.

**Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). If he can no longer present his claims to a state court, he has waived them for federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice from the alleged

3

constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 (1977).

In the Sixth Circuit, a court must consider the following to determine whether a federal habeas claim is precluded because of a petitioner's failure to observe a state procedural rule: "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, the court must determine whether the state procedural forfeiture rule is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the court determines that the petitioner failed to comply with an adequate and independent state procedural rule, the petitioner must demonstrate cause for his failure to follow the State's procedural rule as well as actual prejudice from the alleged constitutional error. *Id*.

Petitioner properly raised his claims on direct appeal; however, he failed to timely present those claims to the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for a delayed appeal. The United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's denial of a motion for leave to file a delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [the] habeas corpus petition." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). *See also Walker v. Martin*, — U.S. — (2011) (The California Supreme Court's denial of a petition as untimely constituted a procedural default notwithstanding the fact that the state court could have, instead, reviewed the petition on the merits). This Court therefore concludes that Petitioner has procedurally defaulted all of the claims that he presents for this Court's review.

4

Petitioner may still obtain review of the merits of his claims if he establishes cause for his procedural default as well as actual prejudice from the alleged constitutional violations.

> " 'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule."

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003)(quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

As cause for his failure to timely appeal to the Ohio Supreme Court, Petitioner asserts that he initially believed that the Office of the Ohio Public Defender would represent him in the Ohio Supreme Court.  After he learned that that office would not represent him, Petitioner attempted to obtain assistance from the prison's law clerk but could find no one willing or able to assist him.  It was not until he was moved into "the merit block" that he was able, with the assistance of another inmate, to file his motion for a delayed appeal in the Ohio Supreme Court. *See Exhibit 31* to *Return of Writ*, PageID# 235.  Referring to *Bounds v. Smith*, 430 U.S. 817 (1977), Petitioner asserts that he was denied his constitutional right of access to the courts when he was denied the assistance of a prison law clerk and that it was this denial that caused his procedural default. *See Petitioner's Traverse*, PageID# 1315; *Surreply*, PageID# 1332-33.

A prisoner's constitutional right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries **or** adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828 (emphasis added).  Prison authorities need not provide both.  Although Petitioner complains that he was denied access to a prison law clerk, nowhere does he allege that he was denied access to the prison library.  The record therefore does not support Petitioner's contention

5

that his procedural default was caused by the denial of his constitutional right of access to the courts.

Moreover, Petitioner has not established, or even alleged, that his inability to secure the assistance of a prison law clerk impeded his ability to timely present his claims – which were, after all, the same claims presented by his counsel on direct appeal to the state court of appeals – to the Ohio Supreme Court.

> "It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." [*Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)]; *see also Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (noting, in an access-to-courts context, that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense ... [but] must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"); *Jones v. Armstrong,* 367 Fed.Appx. 256, 258 (2d Cir. 2010) (noting that the burden is on an inmate seeking to establish cause for procedural default to show that the inadequacy of the prison's legal resources "made it impossible for him to access the courts to raise his claims").

*Doliboa v. Warden U.S. Penitentiary Terre Haute, Indiana*, 503 Fed. Appx. 358, unpublished, 2012 WL 5327501 (6th Cir. Oct. 29, 2012). In this context, courts have held repeatedly that a petitioner's *pro se* incarcerated status, limited access to the prison law library, or ignorance of the law and state procedural requirements do not constitute cause sufficient to excuse a procedural default. *See, e.g., Bonilla*, 370 F.3d at 498 (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)); *Crosby v. Warden*, *London Correctional Facility*, No. 1:12-cv-523, 2013 WL 5963136, at *5 n.2 (S.D. Ohio Nov. 7, 2013)(same).

This Court therefore concludes that Petitioner has failed to establish cause for his procedural default of all of the claims that he presents for federal habeas corpus relief.

**Actual Innocence**

Petitioner also alleges that he is actually innocent of the charge against him. Beyond the four-part *Maupin* analysis, a court is required to consider whether the case is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992)(Petitioner must show by clear and convincing evidence that, but for the defaulted constitutional error, no reasonable juror would have found petitioner eligible for the death penalty).

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*]*,* 513 U.S. [298,] 316 [(1995)]. Thus, the threshold inquiry is whether "new facts raise [ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones,* 395 F.3d 577, 589 (6th Cir. 2005) (footnote omitted); *see also McQuiggin v. Perkins,* -- U.S. --, 133 S.Ct. 1924, 1931-32 (2013).

Petitioner does not support his claim of actual innocence with new evidence not previously available to him, and review of the record does not establish that this case constitutes one of those rare or extraordinary cases that justify a merits review of a petitioner's otherwise procedurally defaulted claims for relief.

It is therefore **RECOMMENDED** that this action be **DISMISSED** as procedurally defaulted.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

      *s/ Norah McCann King*
      Norah McCann King
      United States Magistrate Judge

April 25, 2014